# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| In Re: | | |
|---|---|---|
| | Chapter: | **13** |
| **GARY A. OKUN and** | Case Number: | **5-15-bk-01364-JJT** |
| **JEANNE A. TORONY** | | |
| **a/k/a JEANNE TORONY OKUN** | Document No.: | **56** |
| **Debtors** | Nature of Proceeding: | **Motion for Reconsideration** |

# OPINION[1]

Following the hearing on several objections to confirmation of the Debtors' Plan, the Court sustained the objections and ordered an amended plan to be filed within sixty (60) days. Those findings were made together with the finding that the market value of Debtors' property on Fox Hill Road had a value of $327,500.00. In response to those findings, Debtors filed a timely Motion for Reconsideration of the Court's Order determining the value of the real estate. See Doc. #56. Specifically, Debtors' Motion was brought pursuant to both Federal Rules of Bankruptcy Procedure 9023 and 9024. Debtors assert that it was "manifest error of fact for the Court to conclude that the value of the .84 acre parcel has a value of $217,500.00 when not a shred of evidence was produced to support that value." Doc. #56 ¶ 23. Furthermore, based upon an application of Federal Rule of Bankruptcy Procedure 9024, "there was a mistake, whether clerical or otherwise in determining that the value of the underlying real estate [without the building] was worth $217,500.00." Doc. #56 at ¶ 31. The actual value the Court placed on the real estate alone was $212,500.00. Audio Record on May 3, 2016 at 4:03:52 pm. The Court added its value for the improvement of $115,000.00 to arrive at a market value of $327,500.00

---

[1] Drafted with the assistance of Richard P. Rogers, Career Law Clerk.

[K:\Cathy\Opinions-Orders filed 2016\5-15-bk-01364-JJT_Okun.pdf]

for the parcel.

When presented with a Motion for Reconsideration, Judge Mary D. France wrote the following.

> A motion for reconsideration constitutes a motion under Rule 9023 of the Federal Rules of Bankruptcy Procedure. *Prudential Ins. Co. v. Farley (In re Farley)*, 158 B.R. 48, 52 (E.D.Pa.1993). Bankruptcy Rule 9023 provides that "Rule 59 [of the Federal Rules of Civil Procedure] applies in cases under the Code, except as provided in Rule 3008." Fed. R. Bankr.P. 9023. A motion for reconsideration is governed by subsection (e) of Fed. R. Civ. Pro 59(e), which authorizes a party to move to alter or amend a judgment within ten days of its entry. *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F.Supp. 538, 541 (M.D.Pa.1993). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (*citing North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)). "'A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.'" *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D.Pa.2002) (*quoting Abu-Jamal v. Horn*, 2001 U.S. Dist. LEXIS 20813, No. 99-5089, 2001 WL 1609761, at *9 (E.D.Pa. Dec.18, 2001) (citations and internal quotation marks omitted)). Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment. *McDowell Oil Serv. Inc.*, 817 F.Supp. at 541. Debtor seeks reconsideration stating that the Court erred in dismissing his chapter 13 petition because he is not required to comply with provisions of the Code and Rules applicable only to debtors whose debts primarily are consumer debts as defined in 11 U.S.C. § 101(8). Since Debtor's motion raises issues of statutory interpretation under BAPCPA not previously addressed by the Court, reconsideration of the Order is appropriate.

*In re Thomas*, Case No. 1-06-bk-00493-MDF (Bankr. M.D.Pa. June 22, 2006).

The Court has reviewed the audio record of the hearing and has determined that it did not make a manifest error of law or fact, and therefore, there is no need for correction of the Court's

findings in order to prevent a manifest injustice. The Court heard the testimony of two qualified appraisers with opinions on the value of the real estate and the building affixed to it. For reasons set forth on the record, I made findings of valuation which were in the range between the ultimate conclusions of both experts. The Court will not permit the Debtors to reargue matters which they previously had a full opportunity to present at hearing by way of submission of both testimonial and documentary evidence.

It is for these reasons the Court will deny the Debtors' request to reconsider its findings of May 3, 2016 under the dictates of both Federal Rules of Bankruptcy Procedure 9023 and 9024.

My Order will follow.

By the Court,

Date: July 6, 2016

John J. Thomas, Bankruptcy Judge
(CMS)